Deaderick, J.,
delivered the opinion of the court.
Execution issued from this court in favor of plaintiff against the defendant, October 13, 1871, for $5,807.50 and costs and damages, returnable to the April Term, 1872.
It was levied by the sheriff of Shelby county on February 24, 1872, on forty shares of stock of the Memphis Oil Company. Fifteen of the shares were sold by the sheriff for a sum insufficient to satisfy the execution, the- other twenty-five shares not having been sold by reason of the service of an injunction upon the sheriff inhibiting the sale, all of which appears from the sheriff’s return of the execution.
It further appears that on the said 24th day of February, 1872, the Memphis Oil Company was summoned to appear at the April Term, 1872, to answer *445 as garnishee as to the money,- effects or property of the defendant, in its possession or under its control.
An answer has been filed by the Memphis Oil Company by its Treasurer J. W. Cochran. It has been no easy task to ascertain what has been written, as much of it is almost illegible, but the following facts and statements may be fairly deduced from it.
That at the time of the service of the garnishment there was on the books of the Memphis Oil Company, in the name of defendant Page, of original stock, $2,500; a stock dividend of $400, and a cash dividend of $200, and since the service of garnishment and before answer, a further stock dividend of $1,450 on the $2,500 of stock. It is further stated in the answer that February'2, 1872, defendant Page transferred on the books of the company to ICirtland the President of the company, $1,500 of stock, upon which there was afterward declared by the company a stock dividend of $750.
While it is true that the stocks in all private corporations are regarded as personal property, and subject to, levy and sale as such; it is equally true that by other provisions of our statutes, money, stocks and any interest in an incorporated company -are subject to garnishment. Code, secs. 1481, 3090, 3097.
The $2,500 of original stock being part of the $4,000 of stock levied upon by the execution of plaintiff, was not sold by reason of the injunction mentioned, and no r T-! can ! e granted as to that stock or the dividends declared upon it subsequent to the service of the injunction.
*446 On December 4, 1871, long before the service of the injunction or garnishment, dividends were declared upon the $4,000 of stock, $400 cash dividend and $400 stock dividend; $200 of the cash dividend having been paid to Page, and the balance of the cash and the $400 stock dividend remained to his credit on the books of the company at the time of the service of the injunction and garnishment, but neither the one nor the other was ■ affected by the injunction as to the $2,500 of stock, nor by the sale of the $1,500 stock in March, 1872, under the plaintiff’s execution, these dividends not being any part of the $4,000 of stock which alone was affected by the injunction and sale.
The answer of the company shows that $200 cash was in its possession, and $400 stock dividend at the service of the garnishment. The plaintiff is entitled to have a judgment for the $200 cash, and an order to sell the $400 stock dividend to be applied toward the satisfaction of the judgment.
As to the $1,500 of stock and the dividend thereon subsequent to its sale under the execution, the plaintiff must be left to the rights acquired by him to said stock under the sale by execution.
The costs of the proceeding will be paid by plaintiff.